The Honorable Allen Kerr State Representative
1429 Merrill Drive Little Rock, Arkansas 72211-1819
Dear Representative Kerr:
I am writing in response to your request for an opinion on the following questions:
 1. Is the Arkansas Public Employees Retirement System (APERS) required, under the Arkansas Freedom of Information Act (FOIA) to provide a list of public officials that are drawing retirement benefits from APERS and are serving in an elected position?
 2. Is APERS required, under FOIA, to disclose a list provided by Legislative Audit of elected or public officials that it found to be drawing retirement benefits from APERS, while also employed by an employer covered by the system?
RESPONSE
The answers to these questions will in my opinion likely depend upon whether the lists fall under a specific exception to the FOIA codified at A.C.A. § 24-4-1003.[1] The inquiry focuses on the specific information contained in the lists, with an eye toward the purpose(s) for which such information is kept. However, APERS, not my office, must decide this matter in the first instance, as it is the custodian of the records and the authority on the nature of the material contained within its records. I can, however, discuss the relevant legal test for the records' disclosure.
Section 24-4-1003 provides as follows:
 All records kept by an Arkansas public retirement system, whether required to be kept by law or board policy, shall be open to public inspection as provided in § 25-19-105, except that individual member's records which are kept for the purpose of compiling information for the member's retirement or social security records shall not be open to the public.
A.C.A. § 24-4-1003 (Repl. 2009) (emphasis added).
The referenced Code section — § 25-19-105 — is part of the Arkansas FOIA and provides as follows under subsection (a):
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a)(1)(A) (Supp. 2009).
This so-called "catch-all" exemption under the FOIA incorporates exemptions contained in "laws specifically enacted to provide otherwise." Arkansas Code Annotated § 24-4-1003 plainly is such an exemption. Assuming the lists you reference exist at all, it seems clear that such records kept by APERS would be open to public inspection under both the FOIA and A.C.A. § 24-4-1003, but for the specific exemption under the latter Code section. The question thus arises whether such a list of retired public officials would fall within this exemption for "individual member's records."
Although there are no reported cases interpreting § 24-4-1003, it seems clear from the plain language that the intent is to protect the contents of records kept by a public retirement system for the individual members' retirement. Questions concerning the release of system records therefore require reference to the particular information that would be released, with an eye toward the purpose(s) for which such information is kept. I note that several of my predecessors have similarly opined. For instance, in Op. Att'y Gen. 92-067, the question involved access to a Teacher Retirement System computerized database containing information about System members, including names, addresses, whether contributory or non-contributory, and status (whether active, retired, currently employed). My predecessor noted that questions concerning release of the computerized data would require consideration of A.C.A. § 24-4-1003's predecessor statute (A.C.A. § 24-3-213), [2] and specifically "whether the records are kept by the System in order to compile information for its members' retirement or social security." Op. 92-067 at 3. He continued by stating:
 If the System determines that the information outlined in the seven categories mentioned in your letter is maintained for purposes other than those set out at § 24-3-213, the records would, in all likelihood, be deemed public records which are open to inspection and copying by the public under the Arkansas Freedom of Information Act. . . .
Id. See also Op. Att'y Gen. Nos. 92-068 (distinguishing statistical records from individual members' records) and 98-200 (regarding a request for retirees' names and addresses, annuity amounts, and various deductions).
In the latter Opinion 98-200, my predecessor observed that "[t]he System must evaluate its authority to release this information in light of § 24-3-213 [now § 24-4-1003]." I would only add, with regard to the questions at hand involving lists of retired public officials, if APERS denies the release of such a list, APERS would bear the burden of demonstrating that the requested lists are "individual member's records" within the meaning of A.C.A. § 24-4-1003. See generally Gannett River States Pub. v. Ark. Ind. Dev. Comm'n,303 Ark. 684, 799 S.W.2d 543 (1990) (burden was on agency to prove that it correctly decided records were exempt from disclosure).
Let me also add that I understand Legislative Audit is the entity that is compiling lists of elected officials who may also be drawing retirement. Of course, both you and Audit may be able to claim that the lists are exempt from public disclosure under your respective "working papers" exemptions. A.C.A. §§ 25-19-105(b)(7) and 10-4-422(c)(1) (Supp. 2009). However, there may be nothing to prevent you from voluntarily releasing the lists once they are compiled for and provided to you by Legislative Audit.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM:EAW/cyh
[1] I will assume for purposes of your questions that APERS in fact keeps a list containing the requested information. It must be recognized, however, that an entity that is subject to the FOIA generally is not required to compile information or create new records in response to a FOIA request. A.C.A. § 25-19-105(d)(2)(C). Thus, unless the "list" at issue under your first question already exists in documentary form, APERS will be under no obligation to compile such a list simply based on a FOIA request. See Op. Att'y Gen. 2005-100 (noting that the FOIA "applies to `records' and not to `information'" and quoting A.C.A. § 25-19-105(d)(2)(C): "A custodian is not required to compile information or create a record in response to a request. . . .")
[2] The former § 24-3-213 was repealed — along with the entire former chapter 3 of Title 24 — by Act 151 of 2001, and re-enacted under the 2001 legislation as A.C.A. § 24-4-1003. See Acts 2001, No. 151, §§ 9 (repealer) and 53. *Page 1